UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| OKWUDILI CHUKWUANI, | ) | CASE NO.: 1:24-cv-02257 |
| Plaintiff, | ) | |
| | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) | |
| CITY OF SOLON, OHIO, et al., | ) | **OPINION AND ORDER** |
| Defendants. | ) | |

Before the Court is Defendant City of Solon, Ohio's Motion to Dismiss (Doc. 7) Plaintiff Okwudili Chukwuani's Complaint, which is fully briefed (Docs. 9, 12), and Defendant Vivian Chukwuani's Motion for Judgment on the Pleadings (Doc. 8), which is also fully briefed (Docs. 11, 13). For the reasons stated herein, both motions are GRANTED.

**I.   BACKGROUND**

*Pro se* Plaintiff Okwudili Chukwuani ("Plaintiff") brings this action under 42 U.S.C. § 1983 against the City of Solon, Ohio ("Solon") and his former spouse, Vivian Chukwuani. (Doc. 1.) Plaintiff and Defendant Vivian Chukwuani are divorced and share custody of their fourteen-year-old son. (*Id.* at 3, ¶ 1.)[1] In May 2024, Vivian Chukwuani purchased an iPhone for their son as a birthday present. (*Id.*) Plaintiff alleges he urged her to put parental controls on the iPhone, but she refused. (*Id.*) He contends their son's behavior and academic performance declined due to inappropriate iPhone use. (*Id.*)

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

Plaintiff asserts the situation worsened in September and October 2024.  (*Id.* at 3, ¶ 2.)  Their son lost interest in attending school.  (*Id.*)  Plaintiff contends the only way he could enforce screen time restrictions was to temporarily confiscate the iPhone.  (*Id.*)  He claims this technique was not applied consistently due to the custody arrangement.  (*Id.*)

On September 30, 2024, Plaintiff's son went to school from his mother's house.  (*Id.* at 3, ¶ 3.)  The child left school without any authorization to do so, and Plaintiff found him walking on SOM Center Road.  (*Id.*)  The child complained of a headache and immediately went to sleep when he got to Plaintiff's home.  (*Id.*)  On October 5, 2024, Plaintiff took his son to see his pediatrician.  (*Id.*)  The pediatrician recommended discontinuing his iPhone use if he could not abide by screen time restrictions.  (*Id.*)

On October 6, 2024, Plaintiff took his son to church.  (*Id.* at 4, ¶ 4.)  He contends his son was disrupting the service by playing video games on his iPhone.  (*Id.*)  Plaintiff asked him to stop using the iPhone, but he refused and ran away from the church.  (*Id.*)  Plaintiff found his son, confiscated the iPhone, and requested that he rejoin the service.  (*Id.*)  His son refused, forcibly removed Plaintiff's car keys, and ran away.  (*Id.*)  Plaintiff called the Summit County Sheriff to help him retrieve the car keys.  (*Id.*)  Due to his son's disruptive behavior, Plaintiff kept his son's iPhone and promised to return it when his behavior improved.  (*Id.*)

On October 7, 2024, the child returned to his mother's house.  (*Id.* at 4, ¶ 5.)  Plaintiff still had possession of his son's iPhone to discipline him.  (*Id.*)  Vivian Chukwuani accused Plaintiff of taking the iPhone away and requested that Plaintiff return it to her.  (*Id.*)  Plaintiff informed her he temporarily took away the iPhone for disciplinary reasons and would return it to their son when his behavior improved.  (*Id.*)  Plaintiff did not want their son to evade disciplinary action because the child was at his mother's residence.  (*Id.*)

On October 8, 2024, Plaintiff received a call from the Solon Police Department. (*Id.* at 4, ¶ 6.) He was asked to return the iPhone to Vivian Chukwuani. (*Id.*) Plaintiff informed them he temporarily confiscated the iPhone on October 6, 2024, for disciplinary reasons and would return it when their son's behavior improved. (*Id.*) Plaintiff went to the police station to make a statement but was not permitted to do so. (*Id.* at 5, ¶ 6.) He attempted to explain to the police officer that he had the right as a parent to discipline his son. (*Id.*) Plaintiff also offered to bring the iPhone to the station. (*Id.*) The officer found him to be argumentative. (*Id.*) Plaintiff was ticketed for iPhone theft and asked to leave the police station. (*Id.*)

On October 9, 2024, Plaintiff returned his son's iPhone to his son, who promised to comply with screen time restrictions. (*Id.* at 5, ¶ 7.) He picked his son up from school and dropped him off with the iPhone at his mother's residence. (*Id.*) Plaintiff notified the Solon Police Department, Vivian Chukwuani, and the Solon prosecutor he returned the iPhone. (*Id.*)

On October 11, 2024, Plaintiff alleges "the Solon prosecutor used false information that concealed that the purpose of removing the iPhone from my son was to discipline him." (*Id.* at 5, ¶ 8.) Plaintiff further alleges the prosecutor concealed the fact he returned the iPhone on October 9, 2024. (*Id.*) The prosecutor obtained a warrant to arrest Plaintiff for iPhone theft under Ohio Rev. Code § 2913.02(A)(1). (*Id.*)

Plaintiff brings a § 1983 claim against Solon and Vivian Chukwuani because he asserts his constitutional right as a parent to discipline his son and protect him from inappropriate iPhone usage was violated when the Solon prosecutor sought a warrant to arrest him for iPhone theft. (*Id.* at 6.) He seeks declaratory and injunctive relief, and damages. (*Id.*)

## II. LAW AND ANALYSIS

### A. Motion to Dismiss

#### 1. Standard of Review

Under Rule 12(b)(6), a court must dismiss a complaint if it fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To survive a Rule 12(b)(6) motion, the complaint must make out a plausible legal claim, meaning the complaint's factual allegations must be sufficient for a court "to draw the reasonable inference that the defendant is liable." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility does not require any specific probability of success, but it does demand "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

When evaluating a motion to dismiss, the Court must accept all factual allegations to be true and draw all inferences in the plaintiff's favor. *Cates v. Crystal Clear Techs., LLC*, 874 F.3d 530, 534 (6th Cir. 2017) (quoting *Bickerstaff v. Lucarelli*, 830 F.3d 388, 396 (6th Cir. 2016)). But the Court "'need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.'" *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014) (quoting *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 275-76 (6th Cir. 2010)). A pleading that offers "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Republic Bank & Trust Co. v. Bear Stearns & Co., Inc.*, 683 F.3d 239, 246-47 (6th Cir. 2012)). Nor does a complaint suffice if it "tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (quotations and citations omitted).

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *see also Garrett v. Belmont Cnty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). "However, this lenient treatment has limits . . . 'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 977 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

2. Analysis

Solon argues Plaintiff's complaint should be dismissed because he failed to allege facts to support a plausible claim for a § 1983 violation. (Doc. 7 at 38, 42.) Solon is a municipal entity. For Plaintiff to bring a § 1983 claim against Solon, he must allege Solon had a harmful policy or custom that deprived him of a federal right, Solon urges. (*Id.* at 42 (citing *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658 (1978)).) Solon asserts Plaintiff failed to do so.[2] (*Id.*)

"A municipality cannot be held liable under § 1983 simply because it employs a tortfeasor, nor can it be liable 'for an injury inflicted solely by its employees or agents.'" *Kovalchuk v. City of Decherd, Tenn.*, 95 F.4th 1035, 1038 (6th Cir.), *cert. denied*, 145 S. Ct. 274 (2024) (quoting *Monell*, 436 U.S. at 694). A municipality may only be held liable for its own illegal acts. *Id.* (citing *Connick v. Thompson*, 563 U.S. 51, 60 (2011)). "A plaintiff asserting a municipal liability claim under *Monell* must connect the employee's conduct to a municipal policy or custom." *Id.* (citations and quotations omitted). To do so, Plaintiff must allege either: (1) the existence of an illegal official policy; (2) an official with final decision-making authority

---

[2] The rest of Solon's motion argues a probable cause determination is a complete defense to a false arrest claim. (*See* Doc. 7 at 43-44; Doc. 12 at 85.) It is not entirely clear from Plaintiff's complaint whether he is pursuing a §1983 claim for false arrest or for a substantive due process claim related to his parental rights. (*See* Doc. 1 at 1, 6.) But the Court need not address these issues because Plaintiff's failure to properly allege a *Monell* claim is dispositive.

ratified illegal actions; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance of federal rights violations.  *Id.* (citing *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013)).  Plaintiff must also show the municipality was the "moving force behind the injury alleged."  *Id.* (citations and quotations omitted); *see also Coleman v. Hamilton Cnty. Bd. of Cnty. Commissioners*, 130 F.4th 593, 601 (6th Cir. 2025); *Susselman v. Washtenaw Cnty. Sheriff's Off.*, 109 F.4th 864, 873-74 (6th Cir. 2024), *cert. denied*, 145 S. Ct. 1901 (2025); *Inner City Contracting, LLC v. Charter Twp. of Northville, Mich.*, 87 F.4th 743, 758 (6th Cir. 2023).

Plaintiff alleges his civil rights as a parent were "violated under the color of state law when the Solon prosecutor sought a warrant to arrest me on 10/11/2024 for iPhone theft."  (Doc. 1 ¶ 6.)  Plaintiff's complaint does not allege Solon had an official policy or custom that was the moving force behind the alleged constitutional violation.  (*See* Doc. 1.)  Plaintiff's opposition does not address this omission.  (Doc. 9 at 58-60.)  Thus, Plaintiff has failed to plausibly allege a § 1983 *Monell* claim against Solon.

### B. Motion for Judgment on the Pleadings

#### 1. Standard of Review

Under Rule 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial."  FED. R. CIV. P. 12(c).  The standard of review for a motion for judgment on the pleadings is the same as for a motion to dismiss for failure to state a claim under 12(b)(6).  *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001) (citing *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998)).  "[A]ll well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment."  *Poplar Creek Dev. Co. v. Chesapeake Appalachia, L.L.C.*, 636 F.3d 235, 240 (6th Cir. 2011) (citation

omitted). The Court must follow the pleading standards as described above. *See Bates v. Green Farms Condo. Assoc.*, 958 F.3d 470, 480 (6th Cir. 2020).

        2.      Analysis

Defendant Vivian Chukwuani argues she is entitled to judgment on the pleadings because she is not subject to suit under § 1983. (Doc. 8 at 54-55; Doc. 13 at 93-94.) Plaintiff alleges Vivian Chukwuani is his former spouse. (Doc. 1 at 3, ¶ 1.) He does not allege she is a state or local government official. (*Id.*)

To establish a § 1983 claim, Plaintiff must assert a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Graham v. Nat'l Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986); *Ellison v. Garbarino*, 48 F.3d 192, 194 (6th Cir. 1995). Generally, a private person or entity is not acting "under color of state law." *See Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000); *Tahfs v. Proctor*, 316 F.3d 584, 590-91 (6th Cir. 2003). To show Vivian Chukwuani was acting under color of state law, Plaintiff must allege facts showing she was either (1) acting under the compulsion of the state; (2) engaged in an activity traditionally reserved to the state; or (3) her activities were sufficiently controlled by the state such that her actions could be attributed to the state. *See Chapman v. Higbee Co.*, 319 F.3d 825, 833-35 (6th Cir. 2003); *see also Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003).

Plaintiff does not allege such facts. Instead, he alleges Defendant Vivian Chukwuani reported to police that Plaintiff stole her iPhone. (Doc. 1 at 4-5.) Plaintiff attaches to his complaint the affidavit establishing probable cause for his arrest warrant based on her report. (Doc. 1-2.) Filing a police report does not convert a private citizen into a state actor for purposes of a § 1983 claim. *See Brautigam v. Pastoor*, No. 1:16-CV-1141, 2017 WL 3588827, at *2,

2017 U.S. Dist. LEXIS 132544 (S.D. Ohio Mar. 31, 2017) (filing a police report failed to support a finding of state action), *R&R adopted*, 2017 WL 3600440, 2017 U.S. Dist. LEXIS 132505 (S.D. Ohio Aug. 18, 2017).  Nothing in Plaintiff's complaint nor his opposition brief show how Vivian Chukwuani acted under color of state law.  (*See* Docs. 1, 11.)  Accordingly, Plaintiff cannot assert a § 1983 claim against Vivian Chukwuani.

### III.     CONCLUSION

For the reasons stated herein, Defendant City of Solon, Ohio's Motion to Dismiss (Doc. 7) is GRANTED.  Defendant Vivian Chukwuani's Motion for Judgment on the Pleadings (Doc. 8) is also GRANTED.  All remaining motions are DENIED as moot.

**IT IS SO ORDERED.**

**Date:**  August 11, 2025

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE