UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| OKWUDILI CHUKWUANI, | ) | CASE NO.:   1:24-cv-2257 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF SOLON, OHIO, *et al.*, | ) | **OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Okwudili Chukwuani sued the City of Solon and his ex-wife, Vivian Chukwuani, alleging each violated his constitutional rights.  (Doc. 1, Complaint.)  On August 11, 2025, the Court granted the City of Solon's Motion to Dismiss for failure to state a claim.  (Doc. 25, Opinion and Order.)  In the same Opinion and Order, the Court granted Ms. Chukwuani's Motion for Judgment on the Pleadings.  (*Id*.)  A copy of the Opinion and Order along with the corresponding Judgment Entry were mailed to Plaintiff at his Winchester Drive address.  (*See* Docket Entry 8/11/2025 noting copy mailed to Plaintiff's Winchester Drive address.)

On September 2, 2025, the City of Solon moved for dismissal with prejudice, arguing in part that the magistrate judge's probable cause determination in the state court proceeding obviated any § 1983 claim as a matter of law and dismissal with prejudice was warranted.  (Doc. 27.)  A copy of the motion was mailed to Plaintiff at his Winchester Drive address.  (*Id*. at 144

(Certificate of Service).)[1]  More than two months passed without any response.  On November 12, 2025, the Court granted the motion as unopposed and stated the arguments presented in the motion warranted dismissal with prejudice.  (Doc. 28, Dismissal Order.)  A copy was mailed to Plaintiff at the Winchester Drive address.  (*See* Docket Entry 11/12/2025 noting copy mailed to Plaintiff's Winchester Drive address.)

On November 20, 2025, citing Federal Rule of Civil Procedure 59(e), Plaintiff filed a Motion for Reconsideration of the Order Granting Solon's Request to Amend Judgment Entry to Reflect a Dismissal with Prejudice.  (Doc. 29.)  He asserts he "was not notified by the clerk's office that there was a pending motion that requires [his] response after the opinion and judgement was issued on August 11, 2025."  (*Id.* at 147.)  Plaintiff goes on to say "[t]he only notification Plaintiff got from the Clerk's Office, after the opinion and judgement entry, was the Judgement entry on November 12, 2025, which he received when he visited his old residence last Saturday, November 15, 2025."  (*Id.*)  Plaintiff does not address the merits of the Dismissal Order, nor does he assert any legal basis for vacating the Dismissal Order by way of reconsideration.  Instead, Plaintiff reasserts he should be given electronic filing privileges in order to respond to motions.[2]  (*Id.* at 147-48.)  No other relief is requested.

The City of Solon challenges reconsideration, primarily arguing Plaintiff has not demonstrated relief is warranted under Rule 60(b) for three reasons.  (Doc. 30.)  First, a copy of the City of Solon's motion for dismissal with prejudice was also emailed to Plaintiff.  (*Id.* at 152.)  Attorney Matthew T. Fitzsimmons declared under penalty of perjury a copy of the motion

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

[2] Attached to the Motion for Reconsideration is an application for "Pro Se Litigant Registration for Electronic Filing."  (Doc. 29-1.)

was emailed to Plaintiff.  (Doc. 30-1 at ¶ 2.)  The email did not return as "undeliverable."  (*Id.*)  A copy of the email Attorney Fitzsimmons sent Plaintiff is attached to the City's response in opposition.  (Doc. 30-2.)  Second, plaintiffs have an obligation to notify courts of address changes, similar to one's obligation to duly advise the postal service so important mail is properly forwarded to a recipient's new location.  (Doc. 30 at 152 (citing *Yeschick v. Mineta*, 765 F.3d 622, 629-30 (6th Cir. 2012)).)  This Chukwuani did not do.  Finally, because the matter was properly dismissed with prejudice, Plaintiff can present no meritorious challenge.  (Doc. 30 at 153.)  Plaintiff has not replied.

## LAW AND ANALYSIS

The Federal Rules of Civil Procedure do not permit motions for reconsideration after the dismissal of an action.  Plaintiff's only means of relief are to seek an amendment of judgment pursuant to Rule 59(e) or relief from judgment pursuant to Rule 60(b).  *See* FED. R. CIV. P. 59(e); FED. R. CIV. P. 60(b).

Plaintiff cites Rule 59(e) as the basis for his Motion for Reconsideration of the Order Granting Solon's Request to Amend Judgment Entry to Reflect a Dismissal with Prejudice.  (Doc. 29 at 147.)  Rule 59(e) states that any "motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment."  FED. R. CIV. P. 59(e).  If timely filed, a district court may grant such relief only if the movant shows "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice."  *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005).  The party seeking relief under Rule 59(e) bears the burden of establishing the grounds for such relief.  While Rule 59 permits alterations or amendments to judgments, "it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the

entry of judgment.'"  *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5, 128 S. Ct. 2605, 171 L. Ed. 2d 570 (2008) (quoting 11 WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 2810.1 (2d ed. 1995)); *Morgan & Morgan v. Zoll & Kranz, LLC* (*In re E. Palestine Train Derailment*), 160 F.4th 751, 759 (6th Cir. 2025) (affirming denial of belated Rule 59(e) motion because filing was publicly available and a copy was sent to an email address associated with movant).

What is more, "'[t]he substance of the motion, rather than its form, controls [the] inquiry.'"  *Hobbs v. Ohio Adult Parole Auth.*, No. 24-3763, 2025 U.S. App. LEXIS 28996, at *1 (6th Cir. Nov. 4, 2025) (dismissal of *pro se* motion to vacate) (quoting *Brown v. Local 58, Int'l Bd. Of Elec. Workers*, 76 F.3d 762, 768 (6th Cir. 1996)).

Plaintiff's Motion is not a Rule 59(e) motion.  While styled as a Rule 59(e) motion to alter or amend the Court's Order dismissing his claims against the City of Solon with prejudice, its contents reveal Plaintiff seeks electronic filing privileges.  (*See* Doc. 29.)  He makes a cursory reference to manifest injustice, but that reference is limited to his lack of electronic access.  (*See id.* at 147.)  Plaintiff does not meaningfully address the bases on which Rule 59(e) relief could be granted, let alone present argument as to why such extraordinary relief is warranted here.  (*See id.*)  Other than the caption, he makes no reference to the Dismissal Order.  (*Id.*)  To be sure, *pro se* filings receive liberal construction, but the Court is not required to make Rule 59(e)-specific arguments on Plaintiff's behalf.  This is not a Rule 59(e) motion, even by liberal construction standards.  But even if it was, it falls short of demonstrating any entitlement to such relief. Plaintiff has not presented any argument demonstrating relief is available because of a clear error

of law, newly discovered evidence, an intervening change in controlling law, or the need to prevent a manifest injustice.[3]

Moving now to Plaintiff's request for electronic filing privileges, courts have discretion to grant such privileges pursuant to LR 5.1(c), which provides in pertinent part:

> While parties and *pro se* litigants may register to receive "read only" electronic filing accounts so they may access documents in the system and receive electronic notice, typically only registered attorneys, as Officers of the Court, will be permitted to file electronically.  The Judicial Officer may, at his or her discretion, grant a *pro se* litigant who demonstrates a willingness and capability to file documents electronically permission to register to do so.  Permission to file electronically may be revoked at any time.

It is unclear whether Plaintiff took advantage of the opportunity to receive "read only" electronic notifications.  He certainly could have done so without judicial authorization.  As for permission to file electronically, the request is denied.  As stated above, Plaintiff received an emailed copy of the City of Solon's Motion to Amend the Judgment Entry to Reflect a Dismissal with Prejudice on September 2, 2025.  (*See* Doc. 30 at 152; Doc. 30-1 at ¶ 2; Doc. 30-2.)  He did not respond or take any action.  Given the present status of this case and Plaintiff's failure to timely respond to emailed motions, even if the response was to simply request clarification from the Court or a copy from the Clerk of Court, the Court finds no basis on which to exercise its discretion and grant electronic filing privileges.

---

[3] Plaintiff's motion was filed within 28 days of the Court's amended Dismissal Order.  The City of Solon urges denial because the motion fails to meet the standards for Rule 60(b) relief, those being "'culpability – that is, whether the neglect was excusable; (2) any prejudice to the opposing party; and (3) whether the party holds a meritorious underlying claim or defense.'" (Doc. 30 at 151-52 (quoting *Yeschick*, 675 F.3d at 628).)  Even if this was a Rule 60(b) motion, or should be construed as such, Plaintiff still fails to demonstrate relief is warranted.  At bottom, the motion is a second effort to obtain electronic filing privileges, nothing more.

**CONCLUSION**

For all of the reasons stated herein, Plaintiff's Motion for Reconsideration of the Order

Granting Solon's Request to Amend Judgment Entry to Reflect a Dismissal with Prejudice (Doc.

29) is DENIED.  His request for electronic filing privileges is also DENIED.

**IT IS SO ORDERED.**

Date: June 24, 2026

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE