UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| OKWUDILI CHUKWUANI,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SOLON, OHIO, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.: 1:24-cv-2257<br><br>JUDGE BRIDGET MEEHAN BRENNAN<br><br><br><br>**MEMORANDUM OPINION AND ORDER** |

*Pro se* Plaintiff Okwudili Chukwuani sued the City of Solon and his ex-wife, Vivian Chukwuani, alleging each violated his constitutional rights. (Doc. 1, Complaint.) On August 11, 2025, the Court granted the City of Solon's Motion to Dismiss. (Doc. 25, Opinion and Order.) In the same Opinion and Order, the Court granted Ms. Chukwuani's Motion for Judgment on the Pleadings. (*Id.*) A copy of the Opinion and Order and corresponding Judgment Entry were mailed to Plaintiff at his Winchester Drive address. (*See* Docket Entry 8/11/2025 noting copy mailed to Plaintiff's Winchester Drive address.)

## I. BACKGROUND

On September 2, 2025, the City of Solon moved for dismissal with prejudice, arguing in part that the magistrate judge's probable cause determination in the state court proceeding obviated any § 1983 claim as a matter of law and dismissal with prejudice was warranted. (Doc. 27.) A copy of the motion was mailed to Plaintiff at his Winchester Drive address and sent via email. (*Id.* at 144 (Certificate of Service); Docs. 30-1, 30-2.)[1] More than two months passed

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

without any response. On November 12, 2025, the Court granted the motion as unopposed and stated the arguments presented in the motion warranted dismissal with prejudice. (Doc. 28, Dismissal Order.) A copy was again mailed to Plaintiff at the Winchester Drive address. (*See* Docket Entry 11/12/2025 noting copy mailed to Plaintiff's Winchester Drive address.)

On November 20, 2025, Plaintiff moved for reconsideration of the dismissal with prejudice pursuant to Fed. R. Civ. P. 59. (Doc. 29.) The motion argued for electronic filing privileges, not relief from the November 20, 2025 Dismissal Order. On June 24, 2026, the motion was denied. In the Order, the Court found that Plaintiff misrepresented the date on which he received notice of Defendant's motion for dismissal with prejudice. (Doc. 31.) He claimed not to have received notice until November 15, 2025, when he happened to obtain a mailing from the Clerk of Courts (Doc. 29 at 147), but Defendant's counsel's affidavit and corresponding exhibit established Plaintiff received an email copy of the motion on September 2, 2025 (Docs. 30-1, 30-2).

Plaintiff seeks relief pursuant to Rule 60(b) urging the Court to find (A) a not guilty verdict on his theft charge means there was no probable cause to support the charge, and (B) allowing electronic filing privileges will prevent some manifest injustice because he will timely receive filings. (Doc. 32.)

## II. LAW AND ANALYSIS

*Pro se* filings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam). But such liberal construction is not without limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

Rule 60(b) enumerates several grounds for granting relief from judgment. Fed. R. Civ. P. 60(b). The party seeking relief under Rule 60(b) bears the burden of establishing that such relief

is warranted. *West v. United States*, 187 F.4th 441, 454 (6th Cir. 2026) (citation omitted). Liberally construed, the motion appears to seek relief pursuant to Rule 60(b)(1) because the absence of electronic filing privileges prevented timely receipt of this Court's orders as well as Rule 60(b)(6) because the underlying allegations challenge a probable cause determination leading to his arrest.

Under Rule 60(b)(1), Plaintiff must demonstrate "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Plaintiff urges excusable neglect because filing privileges have not been granted. Whether to grant such relief hinges on the Court's assessment of the following factors: (a) the movant's own "culpability—that is, whether the neglect was excusable"; (b) prejudice to the non-moving party; and (c) "whether the party seeking relief has a meritorious claim or defense." *Yeschick v. Mineta*, 675 F.3d 622, 628 (6th Cir. 2012) (citation omitted). The moving party must "first demonstrate a lack of culpability before the court examines the remaining two factors." *Id.* at 628-29 (citation omitted).

Whether neglect is "excusable" requires an assessment of equitable considerations like "(1) the danger of prejudice to the other party, (2) the length of delay, (3) its potential impact on judicial proceedings, (4) the reason for delay, and (5) whether the movant acted in good faith." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 386 (6th Cir. 2001) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 388, 395, 113 S. Ct. 1489, 123 L.Ed.2d 74 (1993)). A lack of diligence, however, is fatal to any claim of mistake or excusable neglect. *B&D Partners v. Pastis*, No. 05-59954, 2006 WL 1307480, 2006 U.S. App. LEXIS 11901, at *9 (6th Cir. 2022); *Massiah v. Tenn. State Univ.*, No. 21-cv-66, 2022 WL 16722341, 2022 U.S. Dist. LEXIS 201304, at *13-15 (M.D. Tenn. Nov. 4, 2022).

Drawing on these factors, Plaintiff has not demonstrated excusable neglect. First, he received an emailed copy of the motion seeking dismissal with prejudice on September 2, 2025. Second, Plaintiff had an affirmative duty to monitor the docket and offered no valid reason for failing to do so. *See Yeschick*, 675 F.3d at 629-30. Online monitoring is easily done, even by a *pro se* plaintiff. Plaintiff's statement in support of his request for electronic filing privileges, namely that he has been allowed such privileges before, establishes his awareness of PACER and the monitoring access if affords the parties.

Rule 60(b)(6) is the catchall provision, limited to those situations where "Rules 60(b)(1) through (b)(5) are inapplicable." *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 211, 145 S. Ct. 1612, 221 L. Ed. 2d 850 (2025) (quoting *Kemp v. United States*, 596 U.S. 528, 533, 142 S. Ct. 1856, 213 L. Ed. 2d 90 (2022)). Even then, this provision only applies in exceptional or extraordinary circumstances. *Penny v. United States*, 870 F.3d 459, 461 (6th Cir. 2017) (citation omitted); *McCurry ex. rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 595 (6th Cir. 2003) (citation omitted). Plaintiff's contention that the probable cause determination relating to his theft charge was unlawful because he was later found not guilty of that offense (Doc. 32 at 165; Doc. 24-1 at 131) does not squarely fall into other provisions of Rule 60(b), so the Court will review it under this catchall provision.

When allegations in a complaint affirmatively show the claim presented is legally deficient, dismissal is appropriate. *See Cataldo v. United States Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). In this way, even a favorable review of pleading allegations may show that a plaintiff has pleaded himself out of federal court. *Id.* ("sometimes the allegations in the complaint affirmatively show that the claim" is deficient or disallowed as a matter of law); *see also Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014)

("A complaint will be dismissed pursuant to Rule 12(b)(6) if no law supports the claim made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief.") (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-64, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015) ("A complainant can plead himself out of court by including factual allegations that establish that the plaintiff is not entitled to relief as a matter of law.") (citation omitted).

Plaintiff's complaint allegations in support of his § 1983 claim include the following:

> (1) He seized a cellular phone he knew did not belong to him. (Doc. 1 at 2.) He claims parental rights allowed him to seize the phone for disciplinary purposes. (*Id.*)
>
> (2) He refused requests from the phone's owner and the Solon Police Department to promptly return the phone. (*Id.* at 4-5.) He maintained possession of the phone for a period of days. The phone was ultimately returned to the owner. (*Id.*)
>
> (3) Plaintiff was ticketed and later arrested for theft pursuant to Ohio's theft statute, Ohio Rev. Code § 2913.02(A)(1). (*Id.* at 5.) His later returned the phone obviates any prosecution for theft. (*Id.*; *see also* Doc. 9-1 at 63-65.)

Ohio Revised Code Section 2913.02(A)(1) provides that "[n]o person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either property or services . . . [w]ithout consent of the owner or person authorized to give consent." Ohio Rev. Code § 2913.02(A)(1). "The Theft Statute does not include any language relieving the offender of their guilt of theft if the property is returned to the owner or if the property is not harmed." *Batsche v. Batsche*, 2025-Ohio-3017, 2025 WL 2435102, at *3, 2025 Ohio App. LEXIS 2908 (Ohio Ct. App. Aug. 25, 2025) (discussing Ohio Rev. Code § 2913.02). Nor does the language of the statute relieve an offender of guilt if he knowingly took possession of another's property for disciplinary purposes. In short, Plaintiff's own allegations support the probable cause determination about which he now complains. Moreover, a not guilty verdict does not mean probable cause was lacking; it simply means the theft offense was not proven

beyond a reasonable doubt. *See Baker v. McCollan*, 443 U.S. 137, 145, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979) ("The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted—indeed, for every suspect released."). Plaintiff has not demonstrated exceptional or extraordinary circumstances meriting relief from judgment pursuant to Rule 60(b)(6).

As a final point, Plaintiff did not request leave to amend his complaint, any amendment would be futile because his allegations acknowledge the existence of probable cause and his later acquittal does not affect the probable cause determination. When an amendment is plainly futile, dismissal with prejudice is warranted. *Wershe v. City of Detroit, Michigan*, 112 F.4th 357, 372 (6th Cir. 2024), *cert. denied sub nom. Wershe v. City of Detroit*, 145 S. Ct. 1128, 220 L. Ed. 2d 422 (2025).

## III. CONCLUSION

For the reasons stated herein, *pro se* Plaintiff Okwudili Chukwuani's motion for relief pursuant to Rule 60(b) (Doc. 32) is DENIED. The case remains DISMISSED with prejudice.

**IT IS SO ORDERED.**

**Date:** November 5, 2026

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE